# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 19-507

STATE OF LOUISIANA

VERSUS

RAY DONALD BRISTER, JR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. CR-108-17
HONORABLE STEVE GUNNELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ON REHEARING

\*\*\*\*\*\*\*\*\*\*

## VAN H. KYZAR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John E. Conery, Van H. Kyzar, and Candyce G. Perret, Judges.

**AFFIRMED AS AMENDED ON REHEARING.**

**Paula C. Marx**
**Louisiana Appellate Project**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Ray Donald Brister, Jr.**

**Michael C. Cassidy**
**District Attorney**
**Bennett R. LaPoint**
**Assistant District Attorney**
**Thirty-First Judical District**
**P. O. Box 1388**
**Jennings, LA 70546**
**(337) 824-1893**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**KYZAR, Judge.**

## ON APPLICATION FOR REHEARING

The application for rehearing filed by the defendant, Donald Ray Brister, Jr., is granted for the singular purpose of considering the effect of a footnote contained within our original opinion, which related to the scope of the appeal and concerned character evidence and prior acts of the victim of the crime for which Defendant was charged. Specifically, the fourth footnote reads as follows:

> Defendant's motion sought introduction of evidence of prior threats and acts by the victim towards him, in addition to evidence of a prior conviction of the victim for aggravated battery. Defendant's appeal, however, does not address the aggravated battery conviction, thus waiving any alleged error in the trial court's ruling in connection therewith.

Defendant argues that our statement, that the failure of Defendant to specifically address the aggravated battery conviction results in a waiver of error in connection with that ruling, is overbroad and in error in light of our reversal on the overall issue of the admissibility of evidence of the victim's character and prior acts. We agree that the footnote is overly broad and inconsistent with our ruling as to the overall admissibility of victim character evidence in this case. Thus, we amend footnote number four in our original opinion to read as follows:

> Defendant's motion sought introduction of evidence of prior threats and acts by the victim towards him, in addition to evidence of a prior conviction of the victim for aggravated battery.

In all other respects, we affirm the opinion previously rendered by this court.

### DECREE

Rehearing is granted for the limited purpose of deleting the second sentence of footnote number four as contained in our original opinion. The footnote is amended to read as follows:

Defendant's motion sought introduction of evidence of prior threats and acts by the victim towards him, in addition to evidence of a prior conviction of the victim for aggravated battery.

The original opinion of this court, as amended in this rehearing, is affirmed in all respects.

**AFFIRMED AS AMENDED ON REHEARING.**